**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNUM LIFE INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:07 CV 50 PS |
| | ) | |
| DAVID NICHOLS, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is Plaintiff Unum Insurance Company of America's Motion for Default

Judgment against Defendant David Nichols [DE15].  This is the second time the Court has

reviewed a motion for default judgment in this case.  This Court denied the first motion [DE12]

because Unum provided an insufficient basis from which the Court could determine damages.

(*See* Nov. 14, 2007 Order [DE13].)  The Court allowed Unum to refile its motion with greater

specificity regarding its damages calculation.  Unum has now done so.  Because Nichols failed to

respond to the Complaint, or either of the two default judgment motions for that matter, Unum's

Motion for Default Judgment is **GRANTED**.

**I. BACKGROUND**

Unum filed its Complaint in this matter on March 12, 2007 [DE1].  Personal service of

the Summons and Complaint was made on June 27 [DE7].  Nichols failed to appear, plead, or

otherwise defend the lawsuit.  Accordingly, Unum filed an application for Clerk's entry of

default on September 11 [DE10], which the Clerk of the Court entered on September 12 [DE11].

Unum then filed its first motion for default judgment [DE12], which, as noted above, was denied

on November 14 [DE13].  Unum's second motion is now before the Court.

Unum alleges that Nichols was covered by a group disability insurance policy issued by

Unum to Worthington Industries, Inc., Nichols' employer.  (Compl. ¶ 5.)  The policy specifically

provided that alternative disability benefits paid during the same period of disability – *i.e.*,

disability benefits received from the Social Security Administration – could reduce the policy

benefits available to the insured.  (*Id*. ¶ 7.)  In addition, the policy states that an insured who

receives benefits under the policy is obligated to repay Unum any and all overpayments that

were caused by receipt of alternative disability benefits.  (*Id*. ¶ 8.)

   Nichols was covered by the policy by virtue of his employment with Worthington.  (*Id*. ¶

5.)  In February 2002, Nichols submitted a claim for disability benefits under the policy and, as a

result, Unum paid benefits to Nichols pursuant to the terms of the policy.  (*Id*. ¶ 6.)  According to

Plaintiff's pleadings, Unum paid Nichols a monthly benefit of $2,845.49 for 14 months, a total of

$39,836.86.  (*See* Mem. in Supp. [DE15] at 1.)  However, during the same period, Nichols also

received disability benefits from the Social Security Administration.  (Compl. ¶ 9.)  Because

Nichols did not return the overpayments caused by his simultaneous acceptance of both Unum

and Social Security benefits, Unum overpaid Nichols by $34,034.00.  (*Id*.)  After discovering the

overpayments, Unum reduced its benefit payments to Nichols and thereby reduced the

overpayment to $29,889.10.  (*Id*. ¶ 10.)  Throughout this period, Unum sent a series of letters to

Nichols indicating that his payments could be reduced due to receipt of alternative benefits and,

later, requesting he return the overpayment.  (*See* Mem. in Supp., Ex. A [DE15-2], Attachments

A-C.)  To the Court's knowledge, Nichols did not respond to these letters.  Unum then filed the

present Complaint seeking return of its overpayment.

## II.  DISCUSSION

**A.     DEFAULT JUDGMENT STANDARD**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment.

Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as

provided by Rule 55(a).  *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992).  Under

Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when

that party has failed to plead or otherwise defend.  Fed. R. Civ. Pro. 55(a).  "This entry is

recognition of the fact that a party is in default for a failure to comply with the rules."  *See Hill*,

787 F. Supp. at 148 n.4 (citing 6 Moore *et al*., Moore's Fed. Prac. ¶ 55.03 (2d ed. 1985)).

Because the Clerk has already entered default against Nichols in this case, this Court may now

enter a default judgment under Rule 55(b)(2).

Courts may consider a number of factors when deciding a motion for default judgment.

These factors include the amount of money potentially involved, whether material issues of fact

or issues of substantial public importance are at issue, whether the default is largely technical,

whether plaintiff has been substantially prejudiced by the delay involved, and whether the

grounds for default are clearly established or are in doubt.  10A Wright *et al*., Fed. Prac. & Pro.

Civ.3d § 2685 (3d ed. 2007).  *See also Am. Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co.,
Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. Mar. 29, 2002) (citation omitted).

In this case, there are very few material issues of fact, and the grounds for default are

clearly established.  The default is not simply a technicality given that Defendant has not pleaded

or appeared in this lawsuit, even though it has been almost a year since it was filed.  Moreover,

although Plaintiff seeks a relatively sizeable amount of money, the lawsuit implicates no issues

of public importance.  Thus, the factors generally weigh in favor of default judgment.

When a court determines that the defendant is in default, all well-pleaded allegations of

the complaint will be taken as true.  *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394,

1404 (7th Cir. 1993); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).  Here, this means that

the Court must take as true Plaintiff's assertion that Nichols is liable to Unum for Unum's

overpayment of benefits.

"Although upon default the factual allegations of a complaint relating to liability are

taken as true, those allegations relating to the amount of damages suffered are ordinarily not."

*Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir.

1983) (citations omitted).  Federal Rule of Civil Procedure 55(b)(2) provides that a court may

hold a hearing or conduct an investigation if necessary to determine the amount of damages, but

no such inquiry is necessary if "the amount claimed is liquidated or capable of ascertainment

from definite figures contained in the documentary evidence or in detailed affidavits."  *Dundee*,

722 F.2d at 1323.  *See also Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar

practice and an exercise of judicial power for a court upon default, by taking evidence when

necessary or by computation from facts of record, to fix the amount which the plaintiff is

lawfully entitled to recover and to give judgment accordingly.") (citations omitted).  As

discussed below, Unum has provided the necessary specificity.

**B.      UNUM'S DAMAGES**

Unum asserts its damages amount to $29,889.10.  Unum calculates this amount based on

(1) the total amount Unum paid to Nichols under the policy; (2) the total amount Nichols

received in Social Security disability benefits during the same period of disability, and the

resulting amount that Unum should have paid under the policy; and (3) the amount that Unum was able to recoup by virtue of reducing later payments made under the policy.  (*See* Mem. in Supp. at 1-3.)  Plaintiff attaches an affidavit from Douglas R. Allen, the Manager of the Financial Recovery Unit for Unum and a record custodian as an exhibit to its Motion [DE15-2].

The Allen Affidavit establishes that Unum paid Nichols a total of $39,836.86.  (Allen Aff. ¶ 3.)  This amount is the total of Unum's monthly payments of $2,845.49 over the course of 14 months ($2,845.49 x 14 = $39,836.86).  (*Id*.)

The Allen Affidavit also claims that Nichols received Social Security disability benefits during the same period.  (*Id*. ¶¶ 4-5.)  Nichols received two types of Social Security benefits. First, Nichols received a "primary" Social Security benefit.  This benefit amounted to a monthly payment of $1,621.00 over the course of 14 months; a total of $22,694.00.  (*Id*. ¶ 4.)  Second, Nichols also received a "family" Social Security benefit.  This benefit amounted to a monthly payment of $810.00 over the course of 14 months; a total of $11,340.00.  (*Id*. ¶ 5.)  Thus, Nichols received a combined total of $34,034.00 in Social Security disability benefits.

Under the terms of the Unum policy, Unum's benefits were to be reduced by the amount of any alternative disability benefit Nichols received.  Because Nichols received $34,034.00 in Social Security benefits, Unum's benefits should have been reduced by that amount.  In other words, Unum was only obligated to pay Nichols $5,802.86 ($39,836.86 - $34,034.00 = $5,802.86).  (*Id*. ¶ 7.)  But that is not the amount Unum paid.  The difference, $34,034.00 (the total amount of Social Security benefits Nichols received), is the overpayment.  (*Id*.)

Unum was able to recoup some of the overpayment prior to this suit.  On May 20, 2004, Unum began to apply the monthly benefit (of $414.49) it was to pay Nichols under the policy to

5

the overpayment.  (*Id*. ¶ 8.)  By applying that monthly benefit to the overpayment, Unum was

able to reduce the outstanding overpayment to $29.889.10.  (*Id*. ¶¶ 8-9.)

The Court finds that the detailed Allen Affidavit, and the exhibits attached thereto,

provide a sufficient evidentiary basis to determine Unum's damages.  *See Dundee Cement Co.*,

722 F.2d at 1323-24.  The Allen Affidavit presents clear and detailed evidence of the amounts

paid by Unum as well as the amounts Nichols received from the Social Security Administration.

From these definite figures, the Court is able to ascertain the amount of Unum's damages in the

present case.  Consequently, no further evidence is necessary and the Court will award Unum the

full amount of the damages it seeks.

**C.      ATTORNEY FEES AND COSTS**

Unum also seeks $1,740.65 in attorney fees and costs.  Federal courts normally do not

order one party to pay the other's attorneys fees.  ERISA, however, provides for fee shifting.

*See* 29 U.S.C. § 1132(g).  A party seeking attorneys fees must present evidence that would

demonstrate that its fees are reasonable.  *See Stark v. PPM America, Inc.*, 354 F.3d 666, 673-75

(7th Cir. 2004).  Whether the amount sought is reasonable is typically a function of the total

amount incurred, the number of hours billed by the attorneys working on the case, and the

generally prevailing market rate for those legal services – *i.e.*, the "lodestar" amount.  *See id*.

Exhibit B to Unum's Motion is an Affidavit from Unum's counsel, Jeremy A. Klotz

[DE15-3].  The Klotz Affidavit states that Unum, as of Unum's first Motion for Default, it had

accrued legal fees and costs in the amount of $1,740.65. (*See* Klotz Aff. ¶ 8.)  These fees and

costs arose from such legal work as "case management, client communications, drafting the

Complaint, obtaining service upon Defendant, drafting the Application for Entry of Default,

6

drafting the Affidavit in support of Application for Entry of Default[,] drafting the Motion for

Default Judgment Against Defendant David Nichols and the brief supporting the motion for

default judgment." (*Id.*)  The Klotz Affidavit does not provide great detail regarding the

"lodestar" amount.  However, because the amount sought here is relatively low, the appearance

that significant legal work was performed, and the fact that Unum does not seek legal fees

accrued after its first motion for default judgment, the Court is satisfied that the legal fees and

costs are reasonable.  Therefore, Unum's request for legal fees and costs will be granted.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion for Default Judgment [DE15].

Defendant David Nichols is **ORDERED** to pay Plaintiff Unum Life Insurance Company of

America damages of $29,889.10 and attorneys fees and costs of $1,740.65; a total sum of

$31,629.75.  The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiff is entitled

to the relief ordered herein.  The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: February 4, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

7